## HARTLEY v. BEAN.

### April 9, 1836.

*Rule to show cause why the plaintiff should not pay double costs on the appeal.*

In replevin, where the defendant has avowed for rent in arrear, and there has been an award of arbitrators, under the act of 1810, in favour of the avowant, the plaintiff, on appeal, is not compelled to pay double costs.

THIS was an action of replevin.   The defendant *avowed* for rent in arrear.   There was an award of arbitrators under the act of 1810, in favour of the *avowant.*   The plaintiff appealed.   The defendant then obtained a rule on the plaintiff to show cause why the plaintiff should not pay double costs on the appeal.

*Bradford,* in support of the rule, referred to the 10th section of the act of assembly of the 21st of March 1772, relative to distresses for rent, (*Purd. Dig.* 783, *edit. of* 1830) and to the 10th, 11th and 12th sections of the "act regulating arbitrations" of the 20th of March 1810.   *Purd. Dig.* 48.

*Randall, contra.*

PETTIT, *President,* referred to his manuscript note of the case of Wilson *v.* Wyeth et al., in this court, determined on the 5th day of June 1833, in which, upon an appeal from the prothonotary's taxation of costs, it had been ruled that double costs were not required on the appeal, under similar circumstances.   He said that the court now adhered to that decision, and considered the practice as settled in conformity with it ; that the 10th section of the act of 1772 evi-

[Hartley v. Bean.]

dently contemplated the recovery by the defendant of double costs of suit when the judgment was a *final* one; that the language of the act of 1810 was satisfied by the payment, at the time of the appeal, of the costs which had then actually accrued, and was to be construed liberally in favour of the constitutional right of trial by jury.

Rule discharged.